LITTLE et al. *v.* COMMISSIONERS OF THE CONSOLIDATED AS-
SOCIATION.

Whether a decree, from which a suspensive appeal is prayed for, be a new judgment chang-
ing the legal rights of the parties as fixed by a former judgment, or be merely declaratory of
the legal effect of the first judgment, is a question which cannot be determined on a rule to
show cause why a mandamus should not be directed to the inferior court commanding it to
allow an appeal ; it can only be determined when the case comes up on the appeal.

RULE to show cause why a *mandamus* should not be issued commanding the
judge of the Fifth District Court of New Orleans to allow a suspensive
appeal. The managers of the Consolidated Association of the Planters of
Louisiana allege : That on the 1st of March last a judgment was rendered
against them in the Fifth District Court of New Orleans, in favor of *Jacob Lit-
tle & Co.*, in the following words : " It is ordered that the said *Jacob Little & Co.*
recover of the defendants, *the Managers of the Consolidated Association of the
Planters of Louisiana*, the sum of $5,000, with legal interest from the 3d Oc-
tober, 1846, till paid and costs ; to be satisfied and paid by the said managers in
the course of administration of the affairs of the Consolidated Association of
the Planters of Louisiana; and that said plaintiffs do furnish satisfactory per-
sonal security according to art. 2258 of the Civil Code of Louisianna." That from
this judgment the petitioners took a devolutive appeal. That subsequently, on
the 7th May following, the plaintiffs, *Jacob Little & Co.*, took a rule on petition-
ers to show cause why the bond filed by them should not be approved, and pe-
titioners should not allow the judgment to be received in payment of any claims
of said bank as provided by law ; whereupon a final judgment was rendered on
the 27th of said month of May, ordering that the objections filed to the said
rule be overruled, and that the bond filed by said plaintiffs be approved, and
the defendants in said rule allow the said judgment to be received in payment
of any of their claims, as provided by law. Petitioners further show that con-
sidering said judgment might cause them an irreparable injury, they applied to
the judge of the court for a suspensive appeal therefrom, but that the said
judge declined granting said appeal.

Wherefore they pray, that a writ of mandamus may issue, directed to the
said judge, commanding him to grant said appeal.

*Labarre*, for the rule.

*Buchanan*, Judge of the Fifth District Court, showed cause against the rule :
That the petitioners have never applied for a suspensive appeal from the judg-
ment rendered on the 1st of March : That on the 7th of May the plaintiffs took a
rule on the petitioners to show cause why the bond filed should not be received,
and why the latter should not receive the said judgment in payment of any
claim of said Association *pro tanto*, as provided by law : That subsequently to
the rule taken by the petitioners in the District Court on the 7th of May, they
obtained a *devolutive* appeal from that judgment : That by an act of 26th
March, 1842 (Sess. Acts, p. 454), the legislature required the banks, in course
of liquidation, to receive their obligations in payment of notes and obligations
due to them : That the petitioners not having taken a suspensive appeal from
the judgment of the 1st March, were bound to settle it in the course of liquida-
tion, without delay : That the order made on the rule in the District Court was
a modification of the form of execution of said judgment; and that *Little et al.*
are entitled to the benefit of it, as they would have been to an execution under

<div style="margin-left:2em">

</div>

an ordinary judgment : That to allow the mandamus to be issued will be, in effect, to grant the petitioners a suspensive appeal, to which they are not entitled.

The judgment of the court was pronounced by

SLIDELL, J.* The decree in this case is a final decree. Whether in reality it is a new decree, changing the legal rights of the parties as established by the first judgment in the cause, or whether it is merely declaratory of the legal effect of that judgment, is a question which we do not think we have a right to determine on a rule for a mandamus, and can only consider when the case comes before us on the appeal. We think the defendants entitled to a suspensive appeal, and the mandamus is therefore granted.

It is ordered that a peremptory mandamus issue in this case, commanding the Hon. *A. M. Buchannan,* judge of the Fifth District Court of New Orleans, to grant and sign an order for a suspensive appeal, as applied for by the defendants in this case.